**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **Raymond D. Bertuzzi,** | ) | **CASE NO. 3:16 CV 1897** |
| | ) | |
| Petitioner, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Chae Harris, Warden,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Respondent. | ) | |

### Introduction

This matter is before the Court upon the Report and Recommendation of Magistrate Judge James Knepp, II (Doc. 21) which recommends denial of the Petition for Writ of Habeas Corpus pending before the Court. Petitioner filed objections to the recommendation. For the following reasons, the Report and Recommendation is ACCEPTED.

### Standard of Review

Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts provides, "The judge must determine *de novo* any proposed finding or recommendation to which objection is made. The judge may accept, reject, or modify any proposed finding or recommendation."

### Discussion

Petitioner is incarcerated after being found guilty by a jury of aggravated murder and aggravated burglary. The Petition asserted ten grounds for relief. The Magistrate Judge determined that Grounds One through Three are non-cognizable, procedurally defaulted, or

1

meritless; Ground Four is procedurally defaulted and non-cognizable; Ground Five fails on the merits; and Grounds Six through Ten are procedurally defaulted. Petitioner presents objections to all these bases.

Grounds One through Three assert violations of the Ohio and United States Constitutions based on prosecutorial misconduct, prejudicial hearsay, and ineffective assistance of counsel, respectively. Ground Four asserts that the combination of these errors prevented a fair trial in violation of the Ohio and United States Constitutions. The Magistrate Judge found the first three claims non-cognizable to the extent they alleged violations of the Ohio Constitution. To the extent they alleged federal constitutional violations, he found them to be procedurally defaulted and to fail on the merits. Ground Four was found to be non-cognizable as a cumulative error claim has not been found to be a basis for issuance of a writ of habeas corpus. Alternatively, it was procedurally defaulted.

Petitioner objects that the grounds were found to be non-cognizable even though claims of this nature have been found to rise to fundamental unfairness warranting federal habeas review. However, the claims allege violations of the Ohio and federal constitutions and the Magistrate Judge correctly found them non-cognizable only to the extent they asserted violations of the Ohio constitution. The Magistrate Judge analyzed the claims to the extent they alleged violations of the federal constitution. Petitioner objects to the finding that the grounds were procedurally defaulted because he did not fairly present the claims to the Ohio Supreme Court but only presented them in a conclusory manner. Petitioner maintains that a memorandum in support of jurisdiction before the Ohio Supreme Court need only present the issues and if the court had accepted jurisdiction, he would have expanded the issues in a full brief. But, a

2

memorandum in support of jurisdiction does require a thorough explanation of constitutional questions involved and concise arguments in support of propositions of law. Accordingly, the Court agrees that these grounds are procedurally defaulted. The Magistrate Judge also reached the merits of Grounds One through Three. He thoroughly reviewed the state appellate court decision as to these claims and concluded that it was not contrary to, or an unreasonable application of, federal law. Petitioner's contentions are not persuasive.

The ineffective assistance of appellate counsel claim, Ground Five, was found to fail on the merits given that the state court decision as to this claim was not contrary to, nor an unreasonable application of, federal law. The Magistrate Judge agreed with the state court that an appellate attorney is not required to raise all issues on appeal. Additionally, petitioner could not show that had the two issues his attorney failed to raise been raised, there would have been a different result of his appeal. Petitioner argues that the Magistrate Judge did not review the claim properly, but only "parroted" the findings of the state appellate court. As the Magistrate Judge noted, however, judicial review of an ineffective assistance of counsel claim under the AEDPA is "doubly deferential," and petitioner's arguments simply do not warrant a finding contrary to the conclusion of the Magistrate.

Grounds Six through Ten (which involve claims based on ineffective assistance of counsel, a clerical docket "snafu," an affidavit, juror misconduct, and "conflict with evidence and judgment") were determined to be procedurally defaulted given that petitioner did not timely raise these claims before the state courts. The Magistrate Judge found Grounds Seven and Ten to also be non-cognizable. Despite petitioner's objections, the Court finds no error in the Magistrate Judge's conclusion that it was petitioner's own mis-captioning of his post-conviction petition

3

(where he attempted to assert these claims) which caused it to not be timely filed in the correct court. Petitioner then failed to timely appeal the denial of the post-conviction petition to the Ohio Supreme Court. The Court agrees the claims are procedurally defaulted.

## Conclusion

For the reasons set forth herein and for the reasons set forth in the Magistrate Judge's Report and Recommendation, the Petition for Writ of Habeas Corpus is denied. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed.R.App.P. 22(b).

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Court
Chief Judge

Dated: 7/30/18